IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ROBERT EARL ROYSTER,**
   **Plaintiff,**

vs.               3:10cv29/MCR/MD

**SHERIFF DAVID MORGAN, et al.**
   **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff has submitted his partial initial filing fee (doc. 20), and this cause is before the court upon plaintiff's civil rights complaint filed pursuant to Title 42 U.S.C. §1983. Upon review of the complaint, the court concludes that plaintiff has failed to present an actionable claim against any of the named defendants, and that dismissal of this case is warranted.

Since plaintiff is proceeding *in forma pauperis*, the law requires this court to review his complaint to determine if it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations

that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

At the time plaintiff initiated this lawsuit on January 27, 2010, he was a pre-trial detainee confined at the Escambia County Jail. He is currently confined at Florida State Hospital. (Doc. 9). His complaint names three defendants: Escambia County Sheriff David Morgan, Deputy Courtney E. Clanton, and one family member, Daryl Royster, Sr.[1] (Doc. 1, pp. 1-2). Plaintiff's claims arise out of the incidents leading up to his alleged false arrest on November 17, 2009. Plaintiff alleges in the complaint that he woke up at 11:32 p.m. on Tuesday November 17, 2009, took a shower and washed some of his clothes inside the garage. When he went to open the front door to return inside, it was locked. He beat on the door and Daryl Royster, Sr., plaintiff's

---

[1] Daryl Royster Jr. is named as a defendant in another case filed by plaintiff. 3:10cv30/LAC/MD. Although plaintiff's handwriting is somewhat difficult to decipher, it appears that all references in the instant complaint are to Royster Sr.

uncle, came out of the house and chased plaintiff out of the yard carrying an iron pipe. Plaintiff went to a neighbor's house and called his mother, who was working. Daryl Royster Sr. ran into the house and closed the door when plaintiff came back. Despite having been chased by Daryl Royster Sr. with an iron pipe moments before, plaintiff climbed through the window. He opened the door when Escambia County Sheriff's deputies arrived, and the deputies handcuffed him for burglarizing his mother's house. Royster came out of the bedroom and lied to deputies, saying he did not know who plaintiff was, but when an unidentified sergeant arrived on the scene he identified plaintiff, and plaintiff was released. The officers left, despite plaintiff's complaint that Royster should be arrested for making a false call to get plaintiff put in jail. About ten minutes later Daryl Royster Sr. called law enforcement and reported that plaintiff had stolen his stereo and pawned it. Defendant deputy Courtney Clanton, who had also responded to the earlier call, arrived at the scene. (Doc. 1 at 5).

Plaintiff states that he showed Daryl Royster Sr. the radio on top of the dresser, but Royster continued to insist that plaintiff be arrested so that plaintiff would be removed from plaintiff's mother's house. Royster told Deputy Clanton that plaintiff was an extreme narcotics abuser and alcoholic who was smoking crack in his mother's house. Plaintiff admits that he was under the influence of both alcohol and drugs at the time, and that this caused him to hear voices and have seizures. He blacked out, and when he regained consciousness he was handcuffed, having been arrested for battery on a law enforcement officer, an incident about which he has no recollection. After his arrest, he reports that Daryl Royster Sr. shook hands with Deputy Clanton stating "now we got him." (Doc. 1 at 6).

Plaintiff claims that the statement made by Royster Sr. and the handshake between Royster and Clanton is evidence of a conspiracy between Royster and Deputy Clanton. He also claims that he was taken to jail without his rights being read to him, and that he was falsely arrested. (Doc. 1 at 7). He seeks $5,000,000 in

damages for his "pain and suffering" and criminal charges filed against Daryl Royster Sr. and Deputy Courtney F. Clanton.

Taking the allegations of the complaint as true and construing them in the light most favorable to plaintiff, they fail to state a plausible § 1983 claim against any of the named defendants. Although plaintiff names Sheriff Morgan as a defendant, Morgan is mentioned nowhere in the body of plaintiff's complaint. To the extent plaintiff seeks to hold this defendant liable because he supervised Deputy Clanton, his claim is subject to dismissal because *respondeat superior*, without more, does not provide a basis for recovery under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Cottone v. Jenne,* 326 F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995). "The mere right to control, without any control or direction having been exercised and without any failure to supervise, is not sufficient to support 42 U.S.C. § 1983 liability." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 n. 58, 98 S.Ct. 2018, 2037 (1979). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted). The court in *Brown* set forth the limited circumstances upon which a causal connection between the actions of a supervising official and the alleged constitutional deprivation can be shown sufficient to render him liable on a § 1983 claim. The causal connection can be established

> when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.

*Id.* (citations omitted). In the instant case, plaintiff's complaint fails to provide any factual basis for holding Sheriff Morgan liable for the alleged deprivation of plaintiff's

constitutional rights. Thus, plaintiff's claims against this defendant should be dismissed with prejudice.

Plaintiff's claims against defendant Daryl Royster, Sr. are also due to be dismissed. In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and

> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). With regard to the first requirement, it is well-settled that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000). Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotation marks omitted). Here, plaintiff suggests Daryl Royster, Sr. lied to police to have plaintiff falsely arrested. This allegation does not remotely suggest the kind of joint action with state actors that would subject this private party to § 1983 liability. Plaintiff's actual arrest, according to the complaint, stemmed from battery on a law enforcement officer that occurred during the time he "blacked out."

To the extent plaintiff suggests defendant Royster and the deputy conspired with one another to have plaintiff falsely arrested, his allegations are wholly conclusory and insufficient to state a plausible § 1983 claim. To establish a *prima facie* case of conspiracy under § 1983, the plaintiff must allege, among other things, that the defendants "reached an understanding to violate his rights." *See Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002) (quotation and alteration omitted) (in a summary judgment context). "The plaintiff does not have to produce a smoking gun to establish the understanding or willful participation required to show a conspiracy, but must show some evidence of agreement between the defendants." *Id.* at 1283-84 (quotations and citation omitted). Vague or conclusory allegations are not sufficient. The allegations must be specific. *GJR Inv., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1370 (11th Cir. 1998); *Jackson v. Bell South Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citation and quotation marks omitted) (alteration in original). In the instant case, plaintiff alleges that he believes that a conspiracy existed, and that the two defendants shook hands after his arrest. This, without more, does not state a plausible claim of conspiracy against either of the defendants. Deputy Clanton declined to arrest plaintiff during his first visit to the plaintiff's home when Royster wanted him arrested. And, Clanton clearly was unpersuaded by Royster's claims that plaintiff had stolen and pawned the stereo system, or allegations of plaintiff's drug and alcohol use. He was ultimately arrested for something that had nothing to do with Daryl Royster, Sr. Therefore, plaintiff's claims against defendant Royster must be dismissed, as this defendant was not a state actor.

As to plaintiff's remaining claims of false arrest and failure to have his rights read to him against Deputy Clanton, plaintiff cannot obtain the relief he seeks. First, there is no stand-alone "right" to be advised of one's *Miranda* rights. If law enforcement fails to advise an arrestee, any statement made while the arrestee is in

custody may be excluded from evidence, but that is the only result. There is no recognized cause of action for failure to read someone his or her *Miranda* rights. Second, plaintiff requests damages in the amount of $5,000,000 for "pain and suffering" stemming from the alleged violations. However, the Prison Litigation Reform Act provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Eleventh Circuit addressed the implications of § 1997e(e) and concluded that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002) (citing *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)). This § 1983 action brought by plaintiff is a "Federal civil action" under this definition. Further, it is undisputed that plaintiff filed his complaint while imprisoned, and that the harm complained of occurred while he was in custody, *i.e.*, upon his arrest. *See Napier*, 314 F.3d at 533 (holding that § 1997e(e) applies to prisoner lawsuits claiming injuries suffered during an arrest, because that is a custodial episode).[2] Plaintiff seeks damages for the mental injury (pain and suffering) he suffered as a result of the defendants' conduct. However, he alleges no physical injury. His complaint cannot be liberally construed to request nominal damages.[3] Therefore, plaintiff's damages claims must be

---

[2] In *Napier*, a prisoner claimed that he suffered injury from his mistaken arrest by law enforcement officers. The Eleventh Circuit held that "[t]he embarrassment or emotional harm occasioned by the mistaken arrest occurred, at the earliest, when Napier was arrested – or, using the *Miranda* construct, at the moment that a reasonable person in his situation would feel unable to leave. Because the harm complained of by Napier occurred while he was in custody, the PLRA applies to his claim." *Id.* at 533.

[3] The Eleventh Circuit's decision in *Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003), does not apply here. *Id.*, at 1162 (holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages). Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests only $5,000,000 for "pain and suffering." *See, e.g., Sears v. Rabion*, No. 03-13558, 97 Fed.Appx. 906 (Table) (11th Cir. Feb. 18, 2004) (affirming district court's *sua sponte* dismissal of complaint under § 1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages).

dismissed without prejudice under § 1997e(e). *See Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008) (holding that the district court has authority to *sua sponte* dismiss a complaint without prejudice under § 1997e(e)) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)); *Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir. 1999), *vacated,* 197 F.3d 1059 (11th Cir. 1999), *reinstated in pertinent part*, 216 F.3d 970 (11th Cir. 2000).

Plaintiff also requests as part of his claim for relief, that criminal charges be filed against defendants Clanton and Royster. Such relief is not available under § 1983. The law is well-settled that a private citizen "has no judicially cognizable interest" in the criminal investigation or prosecution of another. *Otero v. United States Attorney Gen.*, 832 F.2d 141 (11th Cir. 1987) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973)); *see also Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (holding that a private citizen has no authority to initiate a criminal prosecution); *Sattler v. Johnson*, 857 F.2d 224, 226-27 (4th Cir. 1988) (holding that a private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted); *O'Berry v. State Attorneys Office*, 214 Fed. Appx. 654, 657 (11th Cir. July 23, 2007) (unpublished) (affirming district court's finding that a private citizen cannot force the United States Attorney General to bring a criminal prosecution against another citizen). This court has no authority of file criminal charges against any defendant, nor can the court direct that criminal charges be filed. Therefore, even if the court had found a viable underlying constitutional claim, this request for relief must be dismissed.


Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's § 1983 claims against Sheriff Morgan and plaintiff's conspiracy claims against Deputy Clanton and Daryl Royster be dismissed with prejudiced under 28 U.S.C. § 1915(e)(2)(B)(ii).

*Case No: 3:10cv29/MCR/MD*

   2.  That plaintiff's damages claims against Deputy Clanton arising from his alleged false arrest be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

   3.  That the clerk be directed to close the file.

   At Pensacola, Florida, this 20th day of May, 2010.


   /s/ *Miles Davis*
   **MILES DAVIS
   UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**